IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEEM ALBERT WALKER BORDEN,      : | |
|     Plaintiff,                                              : | |
|                                                                : | |
| v.                                                            : | Case No. 2:23-cv-3961-JDW |
|                                                                : | |
| COMMONWEALTH OF                          : | |
| PENNSYLVANIA, et al.,                        : | |
|     Defendants.                                       : | |

### MEMORANDUM

Alleem Albert Walker Borden, a pretrial detainee housed at the George W. Hill Correctional Facility ("GWHCF"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 asserting violations of his constitutional rights and related state law claims. Upon review of the Complaint, I will grant Mr. Borden leave to proceed *in forma pauperis*. I will dismiss with prejudice (a) his claims against the Commonwealth of Pennsylvania, (b) his claims against GWHCF, and (c) his official capacity claims. I will dismiss his remaining federal claims without prejudice for failure to state a claim and his state law negligence claims for lack of subject matter jurisdiction. I will give him an opportunity to file an amended Complaint to correct the flaws in his pleading.

I.    **FACTUAL ALLEGATIONS**

On January 24, 2023, a state inmate at GWHCF stabbed Mr. Borden twice in the back while he slept in his cell. Mr. Borden woke, and the inmate chased him from his

cell. GWHCF staff were present and witnessed the attack. Following the attack, unnamed staff forced Mr. Borden to walk to the medical unit, rather than transporting him by stretcher, though he was bleeding profusely from his wounds. Mr. Borden received stitches and staples to close his wounds at Riddle Hospital. Since the attack, he has experienced insomnia, anxiety, depression, PTSD, paranoia, and difficulty sleeping.

Mr. Borden claims that prison authorities should not have housed him with state inmates because he is a pretrial detainee and that his housing was the result of the negligence of unnamed GWHCF officials. He names as defendants the Commonwealth of Pennsylvania, Delaware County, George W. Hill Correctional Facility, and George W. Hill Correctional Facility Staff, including its Warden, Laura Williams. Mr. Borden asserts that those Defendants failed to protect him from harm that another inmate caused. He also asserts a state law negligence claim. Mr. Borden's prayer for relief also references a false imprisonment claim, but that appears to be an error because the Complaint does not try to make out such a claim. Mr. Borden refers to several attachments to his Complaint, but there are no attachments.

## II.     STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of his suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P.

12(b)(6). I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se*, I construe his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

### III.  DISCUSSION

#### A.  *In Forma Pauperis*

Mr. Borden has submitted the required paperwork to demonstrate that he does not have the income or assets to pay the required filing fees, so I will permit him to proceed *in forma pauperis*. However, because Mr. Borden is a prisoner, he must still pay the full filing fee in installments. *See* 28 U.S.C. § 1915(b).

#### B.  **Plausibility Of Claims**

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 19888).

1.  **Claims against individuals**

    a.  **Failure to protect**

Because Mr. Borden was a pretrial detainee at the time of the attack, the Fourteenth Amendment's Due Process Clause governs his failure to protect claims. *See A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr.*, 372 F.3d 572, 584 (3d Cir. 2004). To establish a basis for a Fourteenth Amendment violation, a prisoner must allege that his conditions of confinement amount to punishment. *See Bell v. Wolfish*, 441 U.S. 520, 538 (1979). Unconstitutional punishment, be it under the Eighth Amendment applicable to convicted prisoners or the Fourteenth Amendment applicable to pretrial detainees, includes both objective and subjective components. *See Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). "[T]he objective component requires an inquiry into whether the deprivation was sufficiently serious, and the subjective component asks whether the officials acted with a sufficiently culpable state of mind." *Id.* (cleaned up).

To allege a sufficiently culpable state of mind, a detainee must assert that prison officials acted with deliberate indifference, meaning that they consciously disregarded a serious risk to the detainee's health or safety. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991). In the context of suits against prison officials for failure to protect an inmate from harm caused by other inmates, an inmate may obtain relief if a prison official is deliberately indifferent to a pervasive risk of harm. To be deliberately indifferent, a prison official must both "know[ ] of and disregard an excessive risk to inmate health or

4

safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Of note, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834.

Mr. Borden's Complaint falls far short of asserting a plausible failure to protect claim. Construing the Complaint liberally, it appears that Mr. Borden claims that his housing assignment was unreasonably dangerous because he was a pretrial detainee and should not have been housed on a unit with convicted inmates. This alone, however, does not plausibly demonstrate deliberate indifference to Mr. Borden's safety. *See, e.g., Faulcon v. City of Philadelphia*, 18 F. Supp. 2d 537, 540 (E.D. Pa. 1998) *aff'd*, 185 F.3d 861 (3d Cir. 1999). Mr. Borden does not allege that he informed any GWHCF officer of the existence of a dangerous situation prior to the attack. Without such a warning, or some other allegation to establish prison officials' knowledge of the danger, the prison officials cannot have been deliberately indifferent. *See Carter v. Lawler*, 446 F. App'x 420, 423 (3d Cir. 2011) (quoting *Farmer*, 511 U.S. at 834) (*per curiam*). Although Mr. Borden alleges that officers witnessed the attack, he does not allege that they were able to stop the attack or otherwise protect him. Absent allegations providing this information, Borden's claim is not plausible. Because Mr. Borden might be able to state a plausible claim, I will grant him leave to amend this claim.

5

1.   **Supervisory liability**

No allegations in the Complaint describe Warden Williams's conduct or suggest that she was personally responsible for Mr. Borden's housing or for the attack. To the extent Mr. Borden asserts his claims against Warden Williams in her capacity as a supervisor, he has not stated a plausible claim against her. Liability under § 1983 cannot be predicated on a *respondeat superior* basis. *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 227 (3d Cir. 2015). Instead, there are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *cert. granted, rev'd on other grounds sub nom Taylor v. Barkes*, 575 U.S. 822 (2015).

First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quote omitted; alteration in original). To set forth a claim for supervisory liability under the policy-and-practice strand of supervisory liability, a plaintiff must "identify the supervisor's specific acts or omissions demonstrating the supervisor's deliberate indifference to the inmate's risk of injury and must establish a link between the supervisor, the act, and the injury." *Chavarriaga*, 806 F.3d at 227 (quote omitted).

Second, a supervisor may "be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the

6

—
—

person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Barkes*, 766 F.3d at 316. However, generalized allegations that a supervisory defendant is "in charge of" or "responsible for" an office or facility are insufficient to allege personal involvement in an underlying constitutional violation. *See Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005).

Mr. Borden has not alleged any facts describing conduct in which Warden Williams engaged that resulted in Mr. Borden's alleged constitutional injuries. Mr. Borden therefore has not alleged a plausible supervisory liability claim against her. But because I cannot say with certainty that Mr. Borden cannot state a supervisory liability claim – or some other claim – against Warden Williams, I will grant Mr. Borden leave to amend his claims against her.

### 1. Claims against Delaware County

Local governments can be liable as "persons" under Section 1983. However, this liability extends only to "their *own* illegal acts." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis in original) (quote omitted). To plead liability against a municipal entity such as Delaware County, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell v. Dep't of Social Svcs.*, 436 U.S. 658, 659. "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to

—

establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). A policy can also take the form of deliberate indifference to the rights of people with whom the government's employees routinely come in contact. *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

For a custom to be the proximate cause of an injury, a plaintiff must establish that the defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to [plaintiff's] injury." *Estate of Roman*, 914 F.3d at 798 (internal quotations and alterations omitted). It is not enough, however, to allege the existence of a policy or custom. "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." *Id.* (cite omitted). A plaintiff can do so "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged. *Id.*

Mr. Borden has not identified any policy or custom that resulted in the injuries described in his Complaint. He does not identify any individual who enforced or failed to enforce a policy or custom, with the result that he was injured. His claim, as pled, is

therefore not plausible, and I will dismiss it. Because Mr. Borden might be able to state a plausible municipal liability claim, he will be granted leave to amend this claim.

Mr. Borden's failure to plead a municipal liability claim also dooms his claims against individual defendants in their official capacities. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To the extent Mr. Borden asserts claims against Warden Williams and the unnamed GWHCF staff in their official capacities, those claims duplicate the claims against Delaware County.

### 3. Claims against the Commonwealth

States are not "persons" under Section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). The Eleventh Amendment also bars suits seeking money damages from a state in federal court. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). The Commonwealth of Pennsylvania has not waived that immunity. *See* 42 Pa. Cons. Stat. § 8521(b). I will therefore dismiss with prejudice Mr. Borden's claims for money damages against the Commonwealth.

### 4. Claims against GWHCF

A prison is not a "person" under Section 1983. *Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010). Instead, it is a department of the governmental entity that operates it. I will therefore dismiss the claim against GWHCF, which is duplicative of the claim against Delaware County.

9

### 5. Negligence claim

Pennsylvania's Political Subdivision Tort Claims Act prohibits Mr. Borden's negligence claim. That statute waives sovereign immunity for claims against local agencies only in certain circumstances. *See* 42 Pa.C.S.A. §§ 8541, 8542. Mr. Borden's negligence claim does not fall within those exceptions. *See* 42 Pa.C.S.A. § 8542(b). The statute extends the same protections to employees of local agencies, such as Warden Williams and any other GWHCF that Mr. Borden might sue. Because Pennsylvania law does not permit Mr. Borden to pursue these claims, I will dismiss them with prejudice.

## IV. CONCLUSION

I will permit Mr. Borden to proceed *in forma pauperis* but dismiss his Complaint. For the portions of his Complaint that I'm dismissing without prejudice, *i.e.*, the claims for failure to protect, the claims against Warden Williams, and the claims against Delaware County, I will give Mr. Borden the opportunity to file an amended Complaint. If he does so, he must account for the analysis in this Memorandum. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

March 6, 2024